Pearson, J.
 

 There is no error in the proceedings of
 

 the Court below. The first and second exceptions are clearly untenable, and were not pressed in this Court.
 

 Although Sedbury was re-appointed in 1840, and continued to hold the paper, so that there was a clear breach of the bond given for that year, this did not amount to a release of any cause of action, to which the plaintiff was entitled upon the bond given for the year 1839.
 

 It is true, as is held in
 
 State to the use of Miller
 
 v.
 
 Davis,
 
 7 Ire. 200, “the different bonds given by a constable are not cumulative, as in the case of guardians, but are distinct and separate, each to secure the performance of the duties stated in them that is, the bonds are not given to secure the performance of the same duties, but of different duties; still, if there be a breaeh of both bonds, the plaintiff has his election and can sue upon either or both.
 

 The neglect to collect or take any steps, for two months and a half after the paper was put into his hands, was a breach of the bond given in 1889 : and the only question is, as to the amount of damages. The plaintiff has lost his entire debt; but the defendant says, the fact, that he has a remedy upon the bond of 1840, should go in mitigation and reduce the damages to a nominal amount. If the plaintiff had pursued his remedy and obtained satisfaction upon the bond of 1840, it would go in mitigation, but it is difficult to conceive how his damages can be lessened, merely because he has a remedy upon another bond. So if the plaintiff had received the money or any part of it from his debtor, or if it had been receivable by
 
 *23
 
 Sedbury during his second year, when he was the agent of the plaintiff, and authorised to receive it, that would go in mitigation, as is held in the case above cited.
 

 But the money was not received by Sedbury until he went out of office and had ceased to be the agent of the plaintiff. The new contract of agency, implied from his reappointment, and his being allowed to keep the papers the second year, terminated with his official year. A constable is the creditor’s agent, only during the year he continues to be a constable.
 
 State to the use of Respass
 
 v.
 
 Johnson,
 
 7 Ire. 77. The law will not imply an agency for a longer time than the appointment, which gives rise to it, is to continue.
 

 Pee. Curiam. Judgment affirmed.